**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

BERNARD HATZAKORZIAN,      :
                              :    Civil Action No. 06-5216 (FSH)
             Petitioner,  :
                              :
                  v.             :    **OPINION**
                              :
WARDEN EDMOND C. CICCHI,    :
et al.,                   :
                              :
             Respondents.  :

**APPEARANCES**:

    BERNARD HATZAKORZIAN, Petitioner pro se
    507 Rhode Island Avenue
    Cherry Hill, New Jersey 08002

**HOCHBERG**, District Judge

    This matter is before the Court on petitioner Bernard Hatzakorzian's application for habeas corpus relief under 28 U.S.C. § 2254.  For the reasons set forth below, the petition will be dismissed.

### I.  BACKGROUND

    Petitioner, Bernard Hatzakorzian ("Hatzakorzian"), is presently residing at 507 Rhode Island Avenue in Cherry Hill, New Jersey.  Hatzakorzian filed this petition on or about October 26, 2006.  At that time, Hatzakorzian was confined at the Middlesex County Adult Correctional Facility in New Brunswick, New Jersey, in the custody of the United States Department of Homeland Security ("DHS"), pursuant to a final order of removal from the United States.  Thus, Hatzakorzian was not in the custody of the

State of New Jersey pursuant to the New Jersey state court
conviction that he challenges in his habeas petition at the time
he filed this petition.

Hatzakorzian challenges a judgment of conviction issued by
the Superior Court of New Jersey.  He does not provide any
information with respect to the criminal conviction he wishes to
attack, and his petition does not satisfy the requirements of the
Rules Governing Section 2254 Cases in the United States District
Courts ("Habeas Rules"), namely, Habeas Rule 2.

Instead, Hatzakorzian states that his order of removal is
based on his criminal conviction, and that his appeal from the
final order of removal was dismissed by the Board of Immigration
Appeals ("BIA") on October 3, 2006.  Hatzakorzian attaches a copy
of the October 3, 2006 Decision of the BIA.  The BIA specifically
found that Hatzakorzian's convictions are final because
Hatzakorzian exhausted his right to direct appellate review of
his convictions.[1]  Hatzakorzian further states that he will file

---

[1]  The BIA Decision reads, in pertinent part:

> The record indicates that the respondent [Hatzakorzian]
> filed a petition for certification with the Supreme
> Court of New Jersey from the New Jersey Superior Court,
> Appellate Division's April 5, 2006, order affirming the
> trial court's judgement [sic] (Exhs. 8,9 15).  The
> foregoing procedural history confirms that the
> respondent has exhausted his right to direct appellate
> review of his convictions, even though the possibility
> of discretionary appeal remains.

a motion for an emergency stay of removal with the United States Court of Appeals for the Third Circuit.

On March 28, 2007, this Court issued an Order to Show Cause directing the petitioner to show cause in writing why his petition should not be dismissed for failure to satisfy the "in custody" requirement of 28 U.S.C. § 2254(a).  The Order to Show Cause also directed petitioner to submit, on or before April 30, 2007, a complete standard form § 2254 habeas application conforming to Habeas Rules 2(c) and (d).  To date, Hatzakorzian has not filed a response to this Court's on March 28, 2007 Order to Show Cause.

## II.   STANDARDS FOR SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243 provides in relevant part as follows:

> A court, justice or judge entertaining an application
> for a writ of habeas corpus shall forthwith award the writ
> or issue an order directing the respondent to show cause
> why the writ should not be granted, unless it appears from
> the application that the applicant or person detained is
> not entitled thereto.

Hatzakorzian brings his habeas petition as a pro se litigant.  A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998);

3

Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989);

United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969),

cert. denied, 399 U.S. 912 (1970).  Nevertheless, a federal

district court can dismiss a habeas petition if it appears from

the face of the application that the petitioner is not entitled

to relief.  See Lonchar v. Thomas, 517 U.S. 314, 320 (1996);

Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490

U.S. 1025 (1989).

### III.  ANALYSIS

Hatzakorzian brings his action under 28 U.S.C. § 2254.

Section 2254 provides:

> (a)  The Supreme Court, a Justice thereof, a circuit judge,
> or a district court shall entertain an application for a
> writ of habeas corpus in behalf of a person **in custody**
> pursuant to the judgment of a state court only on the ground
> that he is in custody in violation of the Constitution or
> laws or treaties of the United States.

28 U.S.C. § 2254(a)(emphasis added).  While the "in custody"

requirement is liberally construed for purposes of habeas corpus,

a petitioner must be **in custody** under the conviction he is

attacking when the petition is **filed**, in order for this Court to

have jurisdiction.  See Maleng v. Cook, 490 U.S. 488, 490-92

(1989).

No court has held that a habeas petitioner is in custody

when a sentence imposed for a particular conviction had fully

expired at the time the petition was filed.  Indeed, the Supreme

Court held that its decision in Carafas v. LaVallee, 391 U.S. 234

4

(1968) "strongly implies the contrary."  Maleng, 490 U.S. at 491.
In Carafas, the Supreme Court noted that the unconditional
release of petitioner raised a 'substantial issue' as to whether
the statutory 'in custody' requirement was satisfied.  Maleng,
490 U.S. at 491 (*citing* Carafas, 391 U.S. at 238).  The Court
ultimately found the in custody requirement was satisfied in
Carafas, not because of the collateral consequences of a
conviction, but due to the fact that petitioner had been in
physical custody pursuant to the challenged conviction at the
time the petition was filed.  Maleng, 490 U.S. at 492 (*citing*
Carafas, 391 U.S. at 238).  Thus, the clear implication of the
Supreme Court's holding is "that once the sentence imposed for a
conviction has completely expired, the collateral consequences of
that conviction are not themselves sufficient to render an
individual 'in custody' for purposes of a habeas attack upon
it."[2]  Maleng, 490 U.S. at 492.

Here, it is evident that the state court convictions and
sentence now challenged by Hatzakorzian have fully expired before
he filed for federal habeas relief.  Hatzakorzian admittedly was
not "in custody" of the State of New Jersey pursuant to his state
court criminal convictions at the time he submitted this

---

[2]  Collateral consequences of a conviction include such
things as the deprivation of the right to vote, to hold public
office, to serve on a jury, or to engage in certain businesses.
See St. Pierre v. United States, 319 U.S. 41 (1943).

petition.  Rather, he was in the custody or detention of the DHS

pursuant to a final order of removal from the United States.

Hatzakorzian remains under supervised release with the DHS

pending his eventual deportation.  Thus, he is not entitled to

relief under § 2254 and his petition is subject to dismissal for

lack of jurisdiction.

A writ of *error coram nobis* has traditionally been used to

attack convictions with continuing consequences when the

petitioner is no longer "in custody" for purposes of habeas

review.  United States v. Baptiste, 223 F.3d 188, 189 (3d Cir.

2000).  However, the writ of *error coram nobis* is available in

federal court only for those who were convicted in federal court.

28 U.S.C. 1651(a); Neyor v. I.N.S., 155 F. Supp.2d 127, 136

(D.N.J. 2001).  Consequently, the Court cannot construe

Hatzakorzian's petition as a writ of *error coram nobis*.  Instead,

petitioner's only course for relief from the collateral

consequences of his expired state conviction is to bring a common

law writ of *error coram nobis,* or a petition for post conviction

relief, in the state court where he was convicted.

## IV.   CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or

judge issues a certificate of appealability, an appeal may not be

taken from a final order in a proceeding under 28 U.S.C. § 2254.

A certificate of appealability may issue "only if the applicant

has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 1537 U.S. 322 (2003).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not find the Court's procedural disposition of this case debatable.  Accordingly, no certificate of appealability will issue.

## CONCLUSION

Based upon the foregoing, the petition will be dismissed for failure to satisfy the "in custody" requirement under 28 U.S.C. § 2254(a).  No certificate of appealability will issue.  An appropriate Order accompanies this Opinion.


                                    /s/ Faith S. Hochberg
                                    United States District Judge

Dated:  May 7, 2007